CRAIG B. FRIEDBERG, ESQ.
Nevada Bar No. 004606
Law Offices of Craig B. Friedberg, Esq.
4760 South Pecos Rd., Ste 103
Las Vegas, Nevada 89121
P: (702) 435-7968
attcbf@cox.net

AVI R. KAUFMAN, ESQ. [FL Bar No. 84382][1]
Kaufman P.A.
400 NW 26th Street
Miami, Florida 33127
P: (305) 469-5881
kaufman@kaufmanpa.com

*Attorneys for Plaintiff MICHAEL CAPLAN and all others similarly situated*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL CAPLAN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>BUDGET VAN LINES INC., a New York company,<br><br>*Defendant.* | Case No. 2:20-cv- 00130<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Michael Caplan brings this class action under the Telephone Consumer Protection Act against Defendant Budget Van Lines Inc. to stop its practice of making unauthorized pre-recorded voice calls promoting its moving brokerage services, and to obtain redress for all persons similarly injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

---

[1] Avi R. Kaufman will comply with LR IA 11-2 and move for pro hac vice admission within 45 days.

## NATURE OF THE ACTION

1. This case challenges Defendant's practice of making unauthorized pre-recorded voice calls to consumers promoting its moving brokerage services.

2. Defendant's unsolicited pre-recorded voice calls violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, and caused Plaintiff and putative members of the Class to suffer actual harm, including the aggravation, nuisance, loss of time, and invasions of privacy that result from the receipt of such calls, lost value of cellular services paid for, and a loss of the use and enjoyment of their phones, including wear and tear to their phones' data, memory, software, hardware, and battery components, among other harms.

3. Accordingly, Plaintiff seeks an injunction requiring Defendant to cease making unsolicited pre-recorded voice calls to consumers, as well as an award of actual and/or statutory damages and costs.

## PARTIES

4. Plaintiff Caplan is, and at all times relevant to the allegations in the complaint was, a Palm Beach County, Florida resident.

5. Defendant Budget Van Lines Inc. is a New York company headquartered in Las Vegas, Nevada.

## JURISDICTION & VENUE

6. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

7. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant is headquartered in this District, and Defendant's unauthorized telemarketing scheme was directed by Defendant from this District.

## FACTUAL ALLEGATIONS

8. Defendant is a company that provides moving brokerage services.

9. To increase its sales, and as part of a general cold call-based marketing scheme, Defendant markets its services using pre-recorded voice calls to consumers.

10. This case arises from Defendant's unsolicited pre-recorded voice calls to Plaintiff and other consumers.

11. On December 29, 2019, Defendant called Plaintiff from phone number 804-908-7507 using a pre-recorded voice, without Plaintiff's consent. The pre-recorded voice stated that it was "Jeff with Budget Van Lines" and solicited Plaintiff's purchase of moving brokerage services. The audio file of the December 29 pre-recorded voice call is attached as Exhibit 1.

12. Plaintiff believes the December 29 call used a prerecorded voice based on the generic and impersonal nature of the call, and the fact that other consumers have complained about receiving calls transmitting the identical prerecorded voice message. *See* YouMail, https://directory.youmail.com/ directory/phone/8049807507 (last visited Jan. 3, 2020).

13. On December 31, 2019, Defendant again called Plaintiff from phone number 804-908-7507 using a pre-recorded voice, without Plaintiff's consent. Although the message was different than the first, the pre-recorded voice again stated that it was "Jeff with Budget Van Lines" and again solicited Plaintiff's purchase of moving brokerage services. The audio file of the December 31 pre-recorded voice call is attached as Exhibit 2.

14. Plaintiff believes the December 31 call used a prerecorded voice based on the generic and impersonal nature of the call, and the fact that other consumers have complained about receiving calls transmitting the identical prerecorded voice message. *See* YouMail, https://directory.youmail.com/ directory/phone/8049807507 (last visited Jan. 3, 2020).

15. Defendant's unsolicited calls were a nuisance that aggravated Plaintiff, wasted his time, invaded his privacy, diminished the value of the cellular services he paid for, caused him to temporarily lose the use and enjoyment of his phone, and caused wear and tear to his phone's data, memory, software, hardware, and battery components.

16. On information and belief, Defendant, or a third-party acting on its behalf, made unsolicited, pre-recorded voice calls to thousands of consumers soliciting their purchase of moving brokerage services. To the extent the calls were made on Defendant's behalf to consumers, Defendant provided the agent access to its records, authorized use of its trade name, otherwise controlled the content of the messages, and knew of, but failed to stop, the making of

the calls in violation of the TCPA.

17. In fact, there are myriad online complaints regarding Defendant's unsolicited telemarketing practices. *See* Should I Answer?, https://www.shouldianswer.com/phone-number/8049807507 (last visited Jan. 3, 2020).

18. Accordingly, Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Class:

> All persons who, from four years prior to the filing of the initial complaint in this action through class certification, (1) received a pre-recorded voice call, (2) made by or on behalf of Defendant, (3) for substantially the same purpose that Defendant called Plaintiff, and for whom (4) Defendant does not claim to have obtained prior express written consent, and/or claims to have obtained prior express written consent in the same manner it claims to have obtained prior express written consent from Plaintiff.

19. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definitions following appropriate discovery.

20. **Numerosity**: The exact size of the Class is unknown and unavailable to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant made unsolicited prerecorded voice calls to thousands of individuals who fall into the Class definition. Class membership can be easily determined from Defendant's records.

21. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff is a member of the Class, and if Defendant violated the TCPA with respect to Plaintiff, then it violated the TCPA with respect to the other members of the Class. Plaintiff and

the Class sustained the same damages as a result of Defendant's uniform wrongful conduct.

22. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    a)    How Defendant gathered, compiled, or obtained the telephone numbers of Plaintiff and the Class;

    b)    Whether Defendant's calls were made for the purpose of marketing Defendant's services;

    c)    Whether Defendant made some or all of the calls without the prior express written consent of Plaintiff and the Class; and

    d)    Whether Defendant's conduct was willful and knowing such that Plaintiff and the Class are entitled to treble damages.

23. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

24. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

25. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of

this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Class)**

26. Plaintiff repeats and realleges the allegations of paragraphs 1 through 25 of this complaint and incorporates them by reference.

27. Defendant and/or its agents made unsolicited calls to Plaintiff and the other members of the Class using a pre-recorded voice.

28. Defendant made these pre-recorded voice calls *en masse* without the consent of Plaintiff and the other members of the Class.

29. Defendant has, therefore, violated 47 U.S.C. §§ 227(b)(1)(A) and (B). As a result of Defendant's conduct, Plaintiff and the other members of the Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**JURY TRIAL DEMAND**

30. Plaintiff Caplan requests a jury trial.

///
///
///

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Caplan, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and his counsel as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited pre-recorded voice calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

Dated: January 14, 2020.

    Respectfully Submitted,

    LAW OFFICES OF CRAIG B. FRIEDBERG, ESQ.

BY:   /s/ *Craig Friedberg*
CRAIG B. FRIEDBERG, ESQ.
4760 South Pecos Road, Suite 103
Las Vegas, Nevada 89121
(702) 435-7968
attcbf@cox.net

Avi R. Kaufman (*Subject to Pro Hac Vice*)
KAUFMAN P.A.
400 NW 26th Street
Miami, Florida 33127
Telephone: (305) 469-5881
Email: kaufman@kaufmanpa.com

*Counsel for Plaintiff Michael Caplan
and all others similarly situated*