UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL CAPLAN, | Case No. 2:20-CV-130 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| BUDGET VAN LINES, INC., | |
| Defendant(s). | |

Presently before the court is defendant Budget Van Lines's ("Budget") motion to dismiss. (ECF No. 14). Plaintiff Michael Caplan ("Caplan") filed a response (ECF No. 24), to which Budget replied (ECF No. 28).

Also before the court is Budget's motion to strike the class allegations from Caplan's complaint. (ECF No. 15). Caplan filed a response (ECF No. 25), to which Budget replied (ECF No. 29).

**I.    Background**

This putative class action arises from a dispute over a series of electronic communications. Caplan was a resident of Jupiter, Florida, preparing to move to Knoxville, Tennessee. (ECF No. 14 at 4). To prepare for his move, he sought out quotes for movers and found Budget. *Id.* Budget is a broker who provides quotes for various moving services. (ECF No. 1at 2). Caplan visited Budget's website and at least partially completed a form to compile quotes for moving services. (ECF No. 24 at 2). Caplan alleges that he never submitted the form to Budget. *Id.*

Soon after, Caplan received an allegedly prerecorded voicemail in which "Jeff with Budget Van Lines" solicited him to contact Budget for more information about moving services.

James C. Mahan
U.S. District Judge

(ECF No. 1 at 3).  Caplan received another similar voicemail two days later.  *Id.*  Through online research, Caplan discovered that other individuals reported receiving identical voicemail messages.  *Id.*  Caplan now alleges these voicemail messages were violations of the Telephone Consumer Protection Act ("TCPA").  (*Id.*)

## II.     Legal Standard

*A. Rule 12(b)(1)*

Federal courts are courts of limited jurisdiction.  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).  Thus, federal subject matter jurisdiction must exist at the time an action is commenced.  *Mallard Auto. Grp., Ltd. v. United States*, 343 F. Supp. 2d 949, 952 (D. Nev. 2004).

Federal Rule of Civil Procedure 12(b)(1) allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction.  Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face sufficient to establish subject matter jurisdiction.  *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, 546 F.3d 981, 984–85 (9th Cir. 2008).

Although the defendant is the moving party in a 12(b)(1) motion to dismiss, the plaintiff is the party invoking the court's jurisdiction.  As a result, the plaintiff bears the burden of proving that the case is properly in federal court to survive the motion.  *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).  More specifically, the plaintiff's pleadings must show "the existence of whatever is essential to federal jurisdiction, and, if [plaintiff] does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment."  *Smith v. McCullough*, 270 U.S. 456, 459 (1926).

In moving to dismiss under Rule 12(b)(1), the challenging party may either make a "facial attack," confining the inquiry to challenges in the complaint, or a "factual attack" challenging subject matter on a factual basis.  *Savage v. Glendale Union High Sch.*, 343 F.3d

1036, 1039 n. 2 (9th Cir. 2003).  For a facial attack, the court assumes the truthfulness of the allegations, as in a motion to dismiss under Rule 12(b)(6).  *Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1559 (9th Cir. 1987).  By contrast, when presented as a factual challenge, a Rule 12(b)(1) motion can be supported by affidavits or other evidence outside of the pleadings.  *United States v. LSL Biotechs.*, 379 F.3d 672, 700 n. 14 (9th Cir. 2004) (citing *St. Clair v. City of Chicago*, 880 F.2d 199, 201 (9th Cir. 1989)).

*B. Rule 12(b)(6)*

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.  *Id.* at 678–79.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  *Id.* at 678.

**James C. Mahan**
**U.S. District Judge**

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

*A. Motion to Dismiss*

There are two salient issues in the instant motion. First, is whether Caplan has standing to bring this claim. Second is whether ringless voicemail messages ("RVMs") are "calls" under the TCPA.

Budget argues that this court should dismiss Caplan's claims because Caplan consented to receiving the calls, therefore negating the injury-in-fact required for Article III standing. (*See* ECF No. 14). Caplan challenges that factual assertion by claiming he did not consent. (*See* ECF No. 24).

Courts in the Ninth Circuit have not held that lack of consent is a requisite element of a TCPA claim. Consent is an affirmative defense to the merits of Caplan's claim, not a bar to his constitutional standing. *See Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1042–43 (9th Cir. 2017); *Grant v. Capital Mgmt. Servs. L.P.*, 449 Fed. App'x 598, 600 n.1 (citing 23 F.C.C.R. 559, 565 (Dec. 28, 2007)). Therefore, Budget's argument that Caplan lacks standing as a result of his purported consent is misplaced. Caplan "need not allege any additional harm

James C. Mahan
U.S. District Judge

- 4 -

beyond the one Congress has identified" when bringing a TCPA claim. *Van Patten*, 847 F.3d at 1043.

The second issue is whether RVMs constitute calls under the TCPA. RVM technology allows a message to be placed in a recipient's voicemail without the recipient's phone ever ringing. (*See* ECF No. 14 at 2). The two incident "calls" Caplan claims violated the TCPA were RVMs. *See id.* at 3. Budget essentially argues that because there is no actual call or communication between the two parties, RVMs are not calls. *See id.* Caplan argues that leaving a voicemail is still an attempt to communicate, regardless of whether his phone actually rings. (*See* ECF No. 24).

This appears to be an issue of first impression before this court. The TCPA provides as follows:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States-
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice-
>
> . . .
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call

47 U.S.C. § 227. Courts in other jurisdictions have ruled that RVMs are calls under the TCPA. *See, e.g., Saunders v. Dyck O'Neal, Inc.*, 319 F. Supp. 3d 907, 911 (W.D. Mich. 2018). While the Ninth Circuit has yet to address RVMs specifically, it has ruled that methods of communication other than traditional phones calls, like text messages, are calls within the scope of the TCPA. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009).

The *Satterfield* court reasoned that the TCPA was designed to stop invasions of privacy arising from any attempt to get in contact with the recipient related to their phone number; thus, an unsolicited text message would qualify as a call that the statute sought to prevent. *Id.* at 954. The *Satterfield* court construed the TCPA as primarily designed to prevent nuisance and invasion

**James C. Mahan**
**U.S. District Judge**

- 5 -

of privacy. *Id.* In addition, the TCPA is a remedial statute, and "should be construed broadly to effectuate its purposes." *Saunders*, 319 F. Supp. 3d at 911. Under that definition, RVMs are also calls under the TCPA.

Budget attempts to distinguish RVMs from phone calls, text messages, and traditional voicemails by asserting that RVMs are not delivered over the cell phone carrier's network, making them more akin to the broader "information services" category of communication not regulated by the TCPA. (*See* ECF No. 14 at 14). The FCC has previously extended the TCPA's coverage to include internet-to-phone text messaging, finding that a focus on the means used to initiate the communication "would elevate form over substance, thwart Congressional intent that evolving technologies not deprive mobile customers of the TCPA's protections, and potentially open a floodgate of unwanted text messages to wireless customer." *In the Matter of Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 8019 (2015).

This court finds that the TCPA is applicable to RVMs for the same reason. Focusing on the method of delivery, as Budget would have the court do, elevates form over substance. At bottom, RVMs are still a nuisance delivered to the recipient's phone by means of the phone number. RVMs are calls as defined by the TCPA. The court denies Budget's motion to dismiss.

*B. Motion to Strike*

In the alternative, Budget moves to strike the class allegations from Caplan's complaint on the grounds of overbreadth and Caplan's inadequacy as a class representative. (*See* ECF No. 15).

Rule 12(f) of the Federal Rules of Civil Procedure provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pro 12(f). "Immaterial matter is that which has no essential or important relationship to the claim for relief" and "[i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal citations omitted), *rev'd on other grounds* 510 U.S. 517 (1994). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to

1  trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Generally, federal
2  courts disfavor motions to strike unless it is clear that the matter to be stricken could have no
3  possible bearing on the subject matter of the litigation. *Germaine Music v. Universal Songs of
4  Polygram*, 275 F.Supp.2d 1288, 1300 (D. Nev. 2003) (internal citations omitted).

5        Budget's arguments are largely recitations of its motion to dismiss, which the court
6  rejected above. (*See* ECF No. 15). Caplan's consent is a question of fact appropriately
7  addressed at a later stage of litigation. It requires neither dismissal nor striking of the class
8  allegations. While this court can strike class allegations for insufficiency, it does so when
9  Plaintiff's allegations fail from a pleading perspective, not from a class competency perspective.
10 *See Schemkes v. Jacob Transp. Servs., LLC*, No. 2:12-cv-1158-JCM-CWH, 2013 WL 271636, at
11 *3 (Jan. 23, 2013).

12       The instant suit is distinguishable from the limited authority Budget cites. In one
13 instance, the court struck class allegations from a wages suit in which some prospective class
14 members were paid on a different wage scale. *See Sandoval v. Ali*, 34 F. Supp. 3d. 1031, 1044
15 (C.D. Cal. 2014). In another, the class allegation included all purchasers of a car, whether they
16 had experienced an alleged defect or not. *See Kas v. Mercedes-Benz USA, LLC,* 2011 WL
17 13238744, at *4 (C.D. Cal. Aug. 23, 2011).

18       To avoid overbreadth, "class membership must fit the theory of legal liability." *Torres v.
19 Mercer Canyons Inc.*, 835 F.3d 1125, 1138 (9th Cir. 2016). Here, Caplan's proposed class
20 extends to people in an identical factual scenario. (*See* ECF No. 25 at 5). The proposed class fits
21 within the same theory of legal liability Caplan advances himself. *See id.* Therefore, the court
22 will not exercise its discretion to strike the class definition on the grounds of overbreadth.

23       To the extent the Budget's motion does not rely on argument from its motion to dismiss,
24 it relies on argument that the class cannot be certified under Rule 23. (*See* ECF No. 15). A
25 motion to strike class allegations at the pleading stage is not the proper procedural vehicle to
26 eliminate those claims. It is "the functional equivalent of denying a motion to certify a case as a
27 class action." *Bates v. Bankers Life & Cas. Co.*, 848 F.3d 1236, 1238 (citing *In re Bremis Co.,*
28

**James C. Mahan**
**U.S. District Judge**

279 F.3d 419, 421 (7th Cir. 2002)).  Budget can raise these arguments regarding Caplan's adequacy as a class representative in response to Caplan's inevitable Rule 23 motion.

IV.     **Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Budget's motion to dismiss (ECF No. 14) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Budget's motion to strike (ECF No. 15) be, and the same hereby is, DENIED.

DATED July 31, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**